NO. 8488

COURT OF APPEAL

PARISH OF ORLEANS.

LAND DEVELOPEMENT COMPANY OF LA. LTD.

versus

**8488** CENTRAL LAUNDRY COMPANY LTD.

*******

30/22

By Dinkelspiel; J.

This action instituted by the plaintiff claiming to be the owner of a certain lot of ground, giving its boundaries, situated in the City of New Orleans in the first district, designated by the No. 16 in square No. 387, and claiming that the defendants illegally and without ~~xxxx~~ cause, had no rights whatever to said property and claiming that the Civil Sheriff for the Parish of Orleans put petitioner in possession thereof and/~~xxxxx~~ prays judgment against said defendant for use and occupancy of said property at the rate of $15.00 per month from the 1st of June 1919 to ~~finally delivered~~ final delivery.

Exception of no cause of action being overruled an answer was filed which finally winds up with a prayer for a dismissal of plaintiff's suit and that defendants having actual, physical and corporeal possession of the property in question and denial of plaintiff's case.

On trial of this case before the Court aqua, the judgment amongst other things "When, after hearing the pleadings and the evidence, the Court considering the law and the evidence to be in favor of plaintiff, for the reasons orally assigned renders judgment in favor of plaintiff as prayed for/

A motion to dismiss was made, alleging that the appellant failed to bring with the transcript of appeal, the testimony adduced in the lower Court and without such testimony the case can not be heard and decided by this Court on its merits.

The second ground, that the appeal bond is defective because signed by L. E. Conrad, a party in interest.

The Code of Practice, Art. 898, together with decisions of this Court govern matters of this character and we find in the case of Harris vs. Hays, 8 La. An. p. 433, the court says: We are unable to reverse this decision, inasmuch as the record contains no part of the evidence on which it was rendered, notwithstanding the certificate of the clerk that it is a complete transcript of all the documents filed, of all the evidence adduced, and of all the proceedings had on trial.

Again quoting from the same decision: "It may further be remarked that the plaintiff has offered no explanation of the fact of his having filed a record, which, though certified to be complete, appears by his own averments, to be imperfect—being content as it would seem, to rest his hopes for a reversal of the judgment on an irregularity, not of his opponent, but imputable rather to himself. He cannot profit by his own wrong. It was his duty to bring up the evidence on which the case was tried. Not having done so, the Court has not the means of reversing the judgment appealed from; but must presume that it was rightly rendered and on sufficient evidence."

In the case of Hoover against York et al, 33 La. An. p. 653, in the syllabus of that case, the Court held:

"The fault is attributable to Appellant, in case of an incomplete Transcript, when it is by his directions that the Clerk has omitted some of the documents offered in evidence."

And in the body of the opinion at page 654 the Court says:

"Neither at nor before the time for argument was application made for time to correct errors as allowed by Art. 898 C. P. No application was made for mandamus to compel the clerk to grant a proper certificate, if he had illegally refused so to do, as allowed by C. P. 899. No certiorari was asked to perfect the transcript if incomplete."

Again at page 655 the Court goes on to say:

"It has been the constant practice of this Court, from the date of the adoption of that act, to dismiss appeals for this cause under such circumstances." Citing numerous authorities.

For the reasons assigned it is ordered, adjudged and decreed that this appeal be dismissed at appellant's costs.


Motion to dismiss maintained.

Claiborne J. not having heard the argument takes no part.